ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 2 0 2010
CLERK, U.S. DISTRICT COURT
By _____
   Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | No. 4:10-CR-074-Y |
| | § | |
| NORRIS LYNN FISHER | § | |

### PLEA AGREEMENT ~~WITH WAIVER OF APPEAL~~

Norris Fisher ("the Defendant"), the Defendant's attorney, and the United States of America ("the government"), agree as follows:

1. **Rights of the Defendant**: The Defendant understands that he has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The Defendant waives these rights, waives any defenses he may have based on any statute of limitations, and pleads guilty to the offense alleged in Counts One, Two, Three, and Four of the First Superseding Indictment, charging violations of 18 U.S.C. § 1349, that is, conspiracy to commit mail fraud, and 18 U.S.C. § 1341, that is, mail fraud. The Defendant understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3.  **Sentence**:  The maximum penalties the Court can impose for each Count (One through Four) are as follows:

   a.  imprisonment for a period not more than 20 years;

   b.  a fine not to exceed $250,000, or twice the amount of criminally derived property involved in the transaction(s);

   c.  a term of supervised release of up to 3 years (3 years for each count to be run concurrently) which may be mandatory under the law and will follow any term of imprisonment.  If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement; and if multiple terms of supervised release are revoked, the resulting terms of imprisonment could be ordered to run consecutively to each other;

   d.  a mandatory special assessment of $100;

   e.  restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone; and

   f.  costs of incarceration and supervision.

Because the Court may order the penalties on each Count (One through Four) to run consecutively, the total maximum penalties include:

   a.  imprisonment for a period not more than 80 years;

   b.  a fine not to exceed $1,000,000, or twice the amount of criminally derived property involved in the transaction(s);

   c.  a term of supervised release of up to 3 years (3 years for each count to be run concurrently) which may be mandatory under the law and will follow any term of imprisonment.  If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement; and if multiple terms of supervised release are revoked, the resulting terms of imprisonment could be ordered to run consecutively to each other;

    d.      a mandatory special assessment of $400;

    e.      restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone; and

    f.      costs of incarceration and supervision.

    4.      **Court's sentencing discretion and role of the Guidelines**: The Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The Defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The Defendant will not be allowed to withdraw his plea if his sentence is higher than expected. The Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

    5.      **Mandatory Special Assessment:** Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $400.00 in satisfaction of the mandatory special assessment in this case.

    6.      **Restitution.** Pursuant to 18 U.S.C. §3663(a)(1)(A), the Defendant agrees to pay restitution for losses resulting from all criminal conduct related to the scheme described in the First Superseding Indictment, and understands that restitution will not be limited to losses stemming from the offenses of conviction alone. The Defendant agrees that he shall be jointly and severable liable for payment of all restitution. The Defendant agrees to cooperate fully in the identification of assets to be applied toward restitution. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of

Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the government regarding his financial condition; and (D) fully and truthfully answering all questions regarding his past and present financial condition in such interview(s). In addition, the defendant will assist the government in identifying and returning to the rightful owners any properties that he or his co-conspirators fraudulently acquired. Such assistance may include, but is not limited to, identifying forged documents, attesting to the fraudulent transfers of property, and providing truthful testimony in court or administrative proceedings regarding the fraudulent transfers.

7. **Defendant's cooperation**: The defendant shall give complete and truthful information and/or testimony concerning his participation in the offenses of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

8. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment.

9. **Violation of agreement**: The Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the Defendant for all offenses of

which it has knowledge. In such event, the Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the Defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

~~11. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.~~

12. **Representation of counsel**: The Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the Defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Limitation of Agreement**: This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the Defendant or any property.

14. **Entirety of agreement**: This document, including the Supplement, is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 18TH day of OCTOBER, 2010.

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
NORRIS LYNN FISHER
Defendant

_____
JAY S. WEIMER
Assistant United States Attorney
Texas State Bar No. 24013727
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone: 817.252.5200
Facsimile: 817.978.3094

_____
MARK R. DANIELSON
Attorney for Defendant

_____
MARK L. NICHOLS
Deputy Criminal Chief